**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**


STATE OF DELAWARE,      )
                                )
    v.                     )         Cr. ID No. 1309006247
                                )
MARK HUMBERTSON,      )
            Defendant.     )

Submitted: July 20, 2015
Decided: July 27, 2015

### ORDER DENYING MARK HUMBERTSON'S MOTION
### FOR APPOINTMENT OF COUNSEL


On September 10, 2013, Defendant Mark Humbertson was arrested for escaping from the custody of the Department of Corrections after having been convicted by the Superior Court of Kent County and for other criminal conduct. On October 28, 2013, Defendant was indicted on fifteen (15) charges.

On April 21, 2014, with the assistance of counsel ("Plea Counsel"), Defendant pled guilty to six of the fifteen (15) charges, five of which are violent felonies.[1] The Court ordered a presentence investigation. On July 18, 2014, the Court sentenced Defendant on the six charges to a total of thirty-seven (37) years at Level V, suspended after fourteen (14) years.

---

[1] Defendant pled guilty to one count of Escape After Conviction; two counts of Burglary Second Degree; one count of Reckless Endangerment in the First Degree; one count of Possession of a Firearm During the Commission of a Felony; and one count of Possession of a Deadly Weapon During the Commission of a Felony.

On May 4, 2015, Defendant filed a Motion for Postconviction Relief ("PCR Motion") and an accompanying Motion for Appointment of Counsel ("Motion for Counsel").[2] Upon consideration of Defendant's PCR Motion and Motion for Counsel; Rule 61 of the Superior Court Rules of Criminal Procedure; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. The recently amended Superior Court Criminal Rule 61 controls Defendant's Motion for Counsel.[3] Because this is Defendant's first motion seeking relief from a conviction that is the result of a guilty plea, the Court may appoint counsel if, among other things, Defendant's "motion sets forth a substantial claim of ineffective assistance of counsel in relation to the plea of guilty . . . and specific exceptional circumstances warrant the appointment of counsel."[4]

2. Defendant does not set forth a substantial claim of ineffective assistance of counsel in relation to Defendant's guilty plea. Defendant argues that Plea Counsel assumed, without investigation, that Defendant was competent to enter the guilty plea despite knowing, and failing to inform the Court, of Defendant's "mental condition."[5] Defendant's claims are inconsistent with

---

[2] Defendant filed his Motion for Appointment of Counsel on January 15, 2015. However, the Court advised that Defendant must first file a motion for postconviction relief before the Court would consider Defendant's Motion for Appointment of Counsel. D.I. #17.

[3] Defendant filed the instant motions after the June 4, 2014 amendments took effect.

[4] Super. Ct. Crim. R. 61(e)(2).

[5] Def.'s Mot. 3 (May 4, 2015).

the record. In an affidavit, Plea Counsel states that he and Defendant had "numerous discussions about [Defendant's] mental health history . . . . [And] [n]othing during our conversations or [Defendant's] case history led [Plea Counsel] to suspect that [Defendant] was not competent to assist with his own defense, stand trial or enter a guilty plea."[6] Indeed, in December 2013, Plea Counsel requested Defendant be evaluated by a psycho-forensic evaluator. Defendant was evaluated on February 28, 2014 and Plea Counsel shared the evaluation results with State as part of plea discussions.[7]

3. Moreover, Defendant has not presented any exceptional circumstances that warrant the appointment of counsel.

**NOW, THEREFORE, on this 27th day of July 2015, Defendant Mark Humbertson's Motion for Appointment of Counsel is hereby DENIED. Postconviction proceedings shall continue in accordance with the briefing schedule established by the Court's Order dated May 21, 2015.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[6] Aff. of Plea Counsel ¶ 1 (July 10, 2015).
[7] Aff. of Chief Deputy of Public Defender's Office ¶¶ 3–6 (June 17, 2015).

3